## No. 818

### WILSON v. STATE

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 778.   Decided March 12, 1927.

492.   EXPLOSIVES—1.   Blasting caps not exempted from general provisions of 5309-19 GC.

2.   Section 19 intended to apply to persons using high explosives for illegitimate or unlawful purpose.   Other sections apply to legitimate use of explosives and are regulatory.

Error to Common Pleas.
Judgment affirmed.

Egan & Delscamp, Dayton, for Wilson.

Ralph E. Hoskot, Pros. Atty., Charles J. Brennan, Asst. Pros. Atty., and Albert H. Scharrer, Special Pros. Atty., Dayton, for State.

ALLREAD, J.

The plaintiff in error was indicted and convicted under Sec. 19 of "an act relating to the manufacture, keeping, storage, transportation and sale of explosives, and providing penalties for any violation of this act."

The second count of the indictment, upon which the conviction rests, charges that Wilson "unlawfully did have, in his possession and in his control, a certain quantity of explosive devices, to wit: twenty-three detonating nitro-explosive blasting caps, said explosive devices, as aforesaid, being then and there charged or filled with a certain nitro-explosive compound, to wit: mercury fulminate and potassium chlorate, * * *."

Section 19, which describes the offense, refers to the container as "any cartridge, shell, bomb or similar device."   The blasting caps are claimed, by the State, to come under the head of "similar device."   It is not, in a strict sense, either a cartridge, shell or bomb, but it is similar in principle.   There is an outside shell, or container, with an interior explosive.   The blasting cap, for all practical purposes, is a "similar device."   Its use is different, but the general construction and general purpose is similar and the important feature is that the outside container is charged or filled with a high explosive.   The only element of safety in its legitimate use is the limited quantities of the high explosive, but the witness testified that, in the explosion of the blasting caps, even separately, the shell collapses and fragments thereof are thrown in such a way as to cause injury to property and to human beings.   It also appears that, even in the legitimate use of these blasting caps, great care must be observed to protect property and persons from accidental injuries.   The definition, in this section, is broad and was evidently intended to protect not only against the usual and ordinary uses of explosives, but from accidental or fortuitous causes as well as the illegal use thereof.   It is contended,

however, that blasting caps are especially mentioned in the magazine section of the act, and are exempt from the regulation when kept in quantities of less than one thousand, and that they are not provided for in the license section of the act.   Still, as we read the entire act, blasting caps are not intended to be exempted from the general provision of the act, especially if, as a matter of fact, they are explosives within the meaning of Section 1 and Section 19.

Section 23 of the act provides:

"Whoever fails to comply with or violates any of the provisions of this act shall be guilty of a misdemeanor, and, upon conviction, shall be punished by a fine of not less than $25 or more than $500."

It is contended that this provision as to penalty, being general, is irreconcilably in conflict with the special penalty provided for the violation of Section 19 and it is contended that, this being a criminal statute, it must be construed favorably to the accused.

We think it is clear that, in the present act, the legislature intended to make Section 19 the important feature in a criminal sense. The other sections of the act apply, at least generally, to the legitimate use of explosives and were, in a general sense, mere regulatory provisions.   Section 19, however, was intended to apply to persons using high explosives for an illegitimate or unlawful purposes.   We are, therefore, of the opinion that the trial court was justified, under the statute, in imposing the sentence provided for in Section 19 of the act.

Finding no error in the record prejudicial to plaintiff in error, the judgment of the Court of Common Pleas must be affirmed.

(Ferneding and Kunkle, JJ., concur.)